UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GARRETT SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | CASE NO. 3:18-CV-05225-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 15, 2018 |

　　　The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is a letter submitted by Plaintiff John Garrett Smith stating he filed this lawsuit in the World Court at The Hague and he merely provided a copy of this lawsuit as a courtesy, not for initiating a new lawsuit. Dkt. 5. The Court interprets this as a Motion to Voluntary Dismiss the Complaint ("Motion"). After review of the record, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On March 19, 2018, Plaintiff initiated this lawsuit. *See* Dkt. 1. He did not pay the filing fee or submit an application to proceed *in forma pauperis*. Dkt. 3. The Clerk of Court sent Plaintiff a notice of deficiency of the filing fee and instructed Plaintiff to pay the filing fee or submit an application to proceed *in forma pauperis* on or before April 23, 2018. Dkt. 3. On March 29, 2018, Plaintiff submitted the Motion. Dkt. 5. Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis*. As such, Plaintiff's Complaint has not been served.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

The Court has not directed service of the Complaint in this case. Therefore, Plaintiff informed the Court of the erroneous filing of this lawsuit prior to any defendant filing an answer or summary judgment motion. The Court also finds Plaintiff has not previously dismissed an action based on the same claim. Therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 41(a)(1).

**CONCLUSION**

For the foregoing reasons, the Court recommends the Complaint be dismissed without prejudice. The Court also finds this case does not constitute a strike under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 15, 2018, as noted in the caption.

Dated this 31st day of May, 2018.

David W. Christel
United States Magistrate Judge